IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF FRED A. SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-0876-CV-W-ODS |
| | ) |
| METLIFE HOMELOANS, N.A., a | ) |
| DIVISION OF METLIFE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION (1) DISMISSING FOR LACK OF JURISDICTION, AND (2) DENYING MOTIONS AS MOOT (DOCS. 2, 3, 7, 14, AND 21)

The Court provided the factual background of this case in a previous order (Doc. 16). Briefly, William F. Smith filed suit in the name of his father's estate, seeking a declaration that the reverse mortgage loan his mother obtained from Defendant in November 2007 is invalid for lack of mental capacity.

The Court concludes it does not have subject matter jurisdiction over Plaintiff's complaint. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

There is no federal-question jurisdiction in this case. The complaint cites numerous sections of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, but the complaint does not state a claim for relief under this Act, nor do the allegations regarding mental capacity implicate federal law. *See Central Iowa Power Co-op. v. Midwest Independent Transmission*, 561 F.3d 904, 912 (8th Cir. 2009) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" (internal quotations and citation omitted)).

There is no diversity jurisdiction either. For a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005).

The "object of the litigation" in this case is the reverse mortgage loan. Regarding its value, a document titled "Home Equity Conversion Mortgage Payment Plan" executed by Mr. Smith's mother in November 2007 shows the "principal limit" of the loan to be $67,375.00. After Mr. Smith's mother passed away, Defendant sent her estate a letter dated April 29, 2010, stating the amount of the loan was $73,295.26. The amount had increased to $74,203.23 by July 13, 2010, and in a letter dated August 23, 2010, defense counsel stated the "Payoff Amount" of the loan was $74,359.51.

Based on these increases, the Court reasonably can conclude the value of the loan did not exceed $75,000 on September 9, 2010, when the complaint was filed. *See Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994) ("[T]he amount in controversy requirement is determined at the time the complaint was filed.") The Court does not have diversity jurisdiction.

The Court dismisses this lawsuit without prejudice for lack of subject matter jurisdiction. All pending motions are denied as moot.[1]

IT IS SO ORDERED.

                                                      /s/ Ortrie D. Smith
                                                      ORTRIE D. SMITH, JUDGE
DATE: January 5, 2011                      UNITED STATES DISTRICT COURT

---

[1] Motions filed on Plaintiff's behalf include two motions to stay proceedings, which the Court construed as motions for a preliminary injunction, and a motion to submit a prepared statement. The latter contains allegations regarding the mental capacity of Mr. Smith's mother, the disabled status of Mr. Smith, and a plan to convert the home into a soup kitchen. None of the allegations in this motion are relevant to the issue of federal jurisdiction.